UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corvin Jauwan Young, ) | C/A No. 9:25-cv-06838-MGL-MHC |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Chief Deputy William Parrish, *Acting Sheriff*, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Corvin Jauwan Young, a pro se pretrial detainee, seeks habeas corpus relief under 28 U.S.C. § 2241. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

### I.    BACKGROUND

Petitioner, a pretrial detainee at the Spartanburg County Detention Center (SpCDC), appears to be challenging pending criminal charges in Spartanburg County cases 2025A4210202037 and 2025A4210202038. ECF No. 1 at 1, 5. Records from Spartanburg County indicate that Petitioner has pending charges in case number 2025A4210202037 for petit or simple larceny and in 2025A4210202038 for burglary-third degree-first offense.[1] Petitioner is represented by counsel on both charges. *See* Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (search by the case

---

[1] Petitioner also has a pending charge as to an arrest on April 8, 2025, for drug possession (case number 2025A4210201364). He does not list this as a charge he is challenging. Petitioner is also represented by counsel on this charge, and the charge was true-bill indicted on May 21, 2025 (indictment number 2025GS4202690). To the extent Petitioner is attempting to challenge this charge, it is subject to summary dismissal for the reasons discussed below as to the other pending charges.

numbers listed above) (last visited Sept. 29, 2025).[2]

Petitioner's grounds for relief appear to be that: (1) he does not have access to the courts; (2) his access to the grievance procedure is restricted; (3) grievance forms are disappearing; and (4) he has no access to case law, he has no due process, and there is double jeopardy. ECF No. 1 at 8-9. As relief, Petitioner requests:

> Produce the "White Paper Special Grievance Forms" for the purpose of introducing them to the Higher Courts revealing (illegal) unlawful, malicious prosecution method refusing inmate relief and fair-trial rights. "Access to Courts" provide indigent postage-paid envelopes, PLRA Rights of 1995 give access to grievance procedure and conduct a correct litigation campaign.

ECF No. 1 at 9.

## II.    STANDARD OF REVIEW

A pro se habeas petition is reviewed pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court, 28 U.S.C. § 2254;[3] the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is charged with screening Petitioner's lawsuit to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

---

[2] A federal court may take judicial notice of the contents of its own records, as well as those records of other courts. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that courts may take judicial notice of other courts' records and proceedings).

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254.

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.    DISCUSSION

Ordinarily, federal habeas corpus relief for a state prisoner is only available post-conviction. However, pretrial petitions for habeas corpus may be brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (*quoting Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)). Generally, however, "'[a]n attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

This Petition is subject to dismissal on abstention grounds. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. From *Younger* and

its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (*citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner is currently detained and awaiting trial on pending state criminal charges, thus satisfying the first prong of the abstention test. *See Boyd v. South Carolina*, No. 1:11-cv-02981-TMC-SVH, 2012 WL 786341, at *2 (D.S.C. Feb. 10, 2012), *report and recommendation adopted*, 2012 WL 786356 (D.S.C. Mar. 9, 2012) (noting the first prong of the abstention test is satisfied where the petitioner "is currently awaiting trial in an ongoing state criminal proceeding"). The second criterion has been addressed by the Supreme Court's holding that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief[,]" *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Here, the State of South Carolina has a significant interest in Petitioner's criminal cases as he has been alleged to have violated South Carolina state law. In addressing the third criterion, the Supreme Court has noted that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Therefore, this case meets all criteria for abstention under *Younger*, and federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-226; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts

4

have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975); *cf. Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because the "very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. In *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *Id.*; *see generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226–227.[4]

In the present action, Petitioner may raise claims related to his pending criminal charges in state court. Petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate. As Petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. *See Younger*, 401

---

[4] Although Petitioner asserts "double jeopardy" as a ground for relief, he has not alleged facts to indicate special circumstances that would prevent abstention. "The Double Jeopardy Clause protects against multiple punishments for the same offense." *United States v. Wiley*, 93 F.4th 619, 632 (4th Cir. 2024) (internal quotation marks omitted). Petitioner has not alleged any facts to indicate he has or faces more than one punishment for the same offense. Although he may be attempting to assert claims about privileges being taken away as disciplinary measures at the SpCDC, this does not state a double jeopardy claim as it is not punishment for the same alleged criminal offenses he is facing. Moreover, a prison disciplinary proceeding is not a bar to a subsequent criminal prosecution for the same offense. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) ["[A] prison disciplinary proceeding is no bar to a subsequent criminal prosecution for the same offense"]; *Martin v. West*, No. 8:17-2754-MGL-JDA, 2017 WL 6888825, at *2 (D.S.C. Dec. 15, 2017) ["[T]he law is clear that double jeopardy does not apply to prison disciplinary proceedings"], *report and recommendation adopted*, 2018 WL 388847 (D.S.C. Jan. 11, 2018).

U.S. at 43-44; *see also Holmes v. Grant*, No. 4:22-cv-3459-MGL-TER, 2022 WL 19331394, at *1–2 (D.S.C. Nov. 2, 2022) (finding no extraordinary circumstances where petitioner argued that his criminal proceedings were not being conducted in a timely manner*), report and recommendation adopted*, 2023 WL 2717362 (D.S.C. Mar. 30, 2023); *Westpoint v. Al Cannon*, No. 9:17-cv-2137-RMG-BM, 2017 WL 5004812, at *2 (D.S.C. Oct. 6, 2017) (recommending dismissing habeas petition pursuant to *Younger* because detainee was able to raise claims of excessive bond and procedural delays during state court proceedings), *report and recommendation adopted*, 2017 WL 5027497 (D.S.C. Oct. 30, 2017); *Arnold v. Bodiford*, No. CV 9:15-360-JMC-BM, 2015 WL 13734656 (D.S.C. Feb. 3, 2015) (recommending abstention under *Younger*, noting that detainee could raise his claims concerning legal representation, discovery/evidentiary matters, and a request for a preliminary hearing in state court proceedings), *report and recommendation adopted*, No. 9:15-CV-00360-JMC, 2016 WL 3180104 (D.S.C. June 8, 2016). Petitioner is therefore precluded from federal habeas relief at this time, and his Petition is subject to summary dismissal.

Petitioner also may be bringing claims that he was punished at the SpCDC because he was sanctioned or lost privileges. His claims also may be an attempt to challenge conditions of confinement at the SpCDC. However, such claims may not be brought in this habeas action and must be brought, if at all, in a separate civil action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*. 411 U.S. 475, 500 (1973) (complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). Thus, these claims cannot be brought in this Petition and the Petition should be dismissed.

## IV. RECOMMENDATION

Accordingly, it is **RECOMMENDED** that the Petition in this action be **DISMISSED** without prejudice and without requiring Respondent to file a return.

**Petitioner's attention is directed to the important notice on the next page.**

Molly H. Cherry
United States Magistrate Judge

September 30, 2025
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).